COMMONWEALTH *vs.* JOSEPH NYE.

A recognizance conditioned that the defendant shall appear before the court of common pleas then in session, and from day to day during said term, to answer " to an indictment against him for a violation of the act concerning the manufacture and sale of spirituous and intoxicating liquors," and shall also appear at all subsequent terms of said court to which said indictment may be continued, and in the mean time shall keep the peace and be of good behavior, and shall do and receive that which by the said court shall be then and there enjoined upon him, and not depart without license, is sufficient, under the Rev. Sts. *c.* 135, § 30, and the *St.* of 1845, *c.* 166, § 2.

SCIRE FACIAS upon a recognizance purporting to have been taken " at a court of common pleas, begun and holden at Taunton, within and for the county of Bristol, on the first Monday of February " 1855, with this condition :

" The condition of this recognizance is such, that if the said Nye shall personally appear before our justices of our court of common pleas, now holden at Taunton, within and for our county of Bristol aforesaid, on the first Monday of February inst., and from day to day during said term, then and there to answer to such matters and things as shall be objected against him on behalf of said commonwealth, but more especially to an indictment against him for a violation of the " Act concerning the manufacture and sale of spirituous and intoxicating liquors," and shall also appear at all subsequent terms of said court to which said indictment may be continued, and in the mean time

shall keep the peace and be of good behavior, and shall do and receive that which by our said court shall be then and there en joined upon him, the said Nye; and not depart without license then this recognizance to be void; otherwise, to remain in ful force, power and virtue."

At the trial in the court of common pleas, the plaintiff gave in evidence the original recognizance, and a record of a default ren dered thereon at said February term.

The defendant objected that the recognizance was not sufficient to bind him, and render him liable upon default, " because 1st. It did not, in the condition thereof, specify, with sufficient certainty, the cause of its caption; 2d. It was not in the form nor did it contain the conditions prescribed and required by the statute of 1845, chapter 166." But *Bishop*, J., overruled the objections, and gave judgment for the Commonwealth. The defendant alleged exceptions.

*J. Brown*, for the defendant. 1. This recognizance is insufficient, because it does not sufficiently define what offence the defendant is to answer to, under the liquor law; nor sufficiently show that the court had authority to require and take the recognizance, because it does not show where, when, nor by whom an indictment had been found against him, where it was pending, nor that any was pending or found, nor which of the numerous forms of violating the liquor law the indictment charges. The defect is not in the form, but in the substance; and to adjudge a recognizance good with such a general condition, would open a wide door to abuse. *Commonwealth* v. *Downey*, 9 Mass. 520. *Commonwealth* v. *Daggett*, 16 Mass. 446. *Bridge* v. *Ford*, 4 Mass. 641. Rev. Sts. *c.* 135, § 30.

2. This recognizance is insufficient, by reason of not containing all the essential conditions required by *St.* 1845, *c.* 166, § 2.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

Shaw, C. J. The objection to this recognizance is, that it is defective in accuracy and fulness. The practice at common law, and as it was adopted in some of the earlier cases in Massachusetts, was strict and rather nice on this subject. But this was substantially altered and modified by Rev. Sts. *c.* 135, § 30,

27 *

which provide that no recognizance shall be barred or defeated or judgment thereon be arrested, by reason of any omission to note or record the default at the time it may happen, nor by reason of any defect in the form of the recognizance, if it sufficiently appears at what court the party or witness is bound to appear, and that the court or magistrate before whom it was taken was authorized by law to take such recognizance.

Perhaps the recognizance in question is not in the most accurate and technical form, and cannot be recommended as a pattern ; but the question is, whether it satisfies the requirements of the statute.   We think it does sufficiently appear that the defendant was bound to appear from day to day at the court of common pleas then in session, and that it was taken and entered of record by that court; and we must officially take notice that the court of common pleas is a court established by public law, that it has a criminal jurisdiction over most crimes and offences, and as such is authorized to require and take recognizances, conditioned that parties shall appear and answer, and therefore that it does come within the last clause of the statute cited.

Nor do we perceive that this recognizance is repugnant to the provisions of the *St.* of 1845, *c.* 166.   The condition binds the party to appear from day to day during the term, and from term to term, until the final decision or sentence of the court, upon any case to which he is there bound to answer.   The pendency of an indictment against him is sufficiently referred to as the cause of taking the recognizance, and the authority in that court to take it, by describing it as an indictment against him for the violation of the " act concerning the manufacture and sale of spirituous and intoxicating liquors."   By the provision in the Rev. Sts. it is not now necessary that a fuller description of the offence should appear on the face of the recognizance.

*Exceptions overruled.*